UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21CR106 JAR |
| ) | |
| JEROME PERRY-BEY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Jerome Perry-Bey's Motion to Dismiss Superseding Indictment. ECF No. 56. The Government filed its response in opposition. ECF No. 57. For the reasons set forth below, the Court will deny Defendant's Motion.

**Background**

Defendant is charged by indictment with one count of Unlawful Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). *See* ECF No. 31. The Superseding Indictment alleges that on or about January 16, 2021, in the City of St. Louis, within the Eastern District of Missouri, Defendant "knowingly possessed a firearm, knowing he had previously been convicted in a court of law of one or more crimes punishable by a term of imprisonment exceeding one year, and the firearm previously traveled in interstate or foreign commerce during or prior to being in the Defendant's possession." *Id.* The Superseding Indictment further alleges that Defendant has three or more prior convictions for a violent felony or a serious drug offense, including but not limited to, three convictions for Robbery in the First Degree that were each committed on separate occasions in the State of Missouri. *Id.*

Defendant now moves to dismiss the Superseding Indictment arguing that the statutory prohibition on convicted felons possessing firearms violates his Second Amendment right to keep

and bear arms. In support, he cites to *United States v. Rahimi*, 144 S. Ct. 1889 (2024), *New York State Rifle & Pistol Assn. v. Bruen*, 597 U.S. 1 (2022), *District of Columbia v. Heller*, 554 U.S. 570 (2008), and out of circuit cases. The Government opposes, citing a recent Eighth Circuit decision that was filed after the instant motion. *United States v. Jackson*, No. 22-2870, 2024 WL 3711155 (8th Cir. Aug. 8, 2024).

**Legal Standards**

Section 922(g)(1)

"It shall be unlawful for any person ... who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1).

Second Amendment

The Second Amendment states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." In 2008, the Supreme Court held for the first time, "on the basis of both text and history," that the Second Amendment protects an individual right to keep and bear arms. *Heller*, 554 U.S. at 595. The Supreme Court made clear, however, that "[l]ike most rights, the right secured by the Second Amendment is not unlimited." *Id.* at 626. Most relevant to the instant motion, the Supreme Court stated:

> Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, *nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons* and the mentally ill, or

laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

*Id.* (emphasis added).

In June 2010, the Supreme Court held, as elucidated in *Heller*, that the Second Amendment right is incorporated and applies to the States. *See McDonald v. City of Chicago*, 561 U.S. 742, 750 (2010) (quoting *Heller*, 544 U.S. at 626-627) (finding *Heller* "did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons and the mentally ill,' 'laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.' We repeat those assurances here.").

Recently, the Supreme Court revisited the Second Amendment right in *Bruen*, which rejected the tests developed by most courts of appeal, with the exception of the Eighth Circuit, to adjudicate conflicts over Second Amendment rights, in which historical analysis was combined with "means-end" scrutiny. 597 U.S. 1 at 18-19. The Supreme Court articulated a new test:

> In keeping with *Heller*, we hold that when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command.

*Id.* at 17 (quoting *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50 n.10 (1961) (internal quotation omitted)).

## Discussion

Although Defendant seems to allude that the *Bruen* decision supports dismissal of his indictment, *Bruen* does not explicitly address the propriety of firearm-possession bans for persons

3

previously convicted of a felony crime. After the *Bruen* decision, the Eighth Circuit found in *Jackson* that Section 922(g)(1) is not unconstitutional as it applies to Jackson's felony convictions. *United States v. Jackson*, 69 F.4th 495, 502 (8th Cir. 2023). In light of the recent Supreme Court decision in *Rahimi,* the *Jackson* holding was vacated and remanded for further consideration. *Jackson v. United States*, No. 23-6170, 2024 WL 3259675, at *1 (U.S. July 2, 2024). The *Rahimi* Court held that 18 U.S.C. § 922(g)(8), the federal prohibition on possession of a firearm while subject to a domestic violence restraining order, is constitutional on its face. 144 S. Ct. at 1903. Defendant argues that the decision in *Rahimi,* although rejecting a facial challenge to Section 922(g)(8), does not validate Section 922(g)(1). However, after Defendant's motion was filed, the Eighth Circuit re-affirmed its prior holding in *Jackson* that Section 922(g)(1) remains constitutional post-*Bruen*. *Jackson*, 2024 WL 3711155 at *7. In rejecting Jackson's argument, which is the same argument Defendant advances here, the Eighth Circuit stated, "*Rahimi* does not change our conclusion in this appeal, and we again affirm the judgment of the district court," finding Section 922(g)(1) to be constitutional. *Id.* at *1.

The *Rahimi* Court concluded only this: "An individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment." 144 S. Ct. at 1903. The finding in *Rahimi* explicitly did "not suggest that the Second Amendment prohibits the enactment of laws banning the possession of guns by categories of persons thought by a legislature to present a special danger of misuse." *Id.* at 1901 (citing *Heller*, 554 U.S. at 626). In fact, as the Eighth Circuit noted in *Jackson*, the *Rahimi* Court "referred back to its statement in *Heller* that prohibitions on the possession of firearms by felons are presumptively lawful." *Id.* at *7. The Court also pointed out that the decision in *Bruen* reaffirmed

4

that the Second Amendment right is subject to "certain reasonable, well-defined restrictions and did not disturb those statements or cast doubt on the prohibitions." *Id.* at *4 (quoting *Bruen*, 597 U.S. at 70) (internal quotations and citations omitted). Thus, the Court found that "[g]iven these assurances by the Supreme Court, and the history that supports them, we conclude that there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." *Id.*

As the Government points out and accurately summarizes in its opposition, the Court also thoroughly reviewed the nation's historical tradition of § 922(g)(1), finding that the "historical record suggests that legislatures traditionally possessed discretion to disqualify categories of people from possessing firearms to address a danger of misuse by those who deviated from legal norms, not merely to address a person's demonstrated propensity for violence." *Id.* at *6. The Court concluded that:

> …legislatures traditionally employed status-based restrictions to disqualify categories of persons from possessing firearms. Whether those actions are best characterized as restrictions on persons who deviated from legal norms or persons who presented an unacceptable risk of dangerousness, Congress acted within the historical tradition when it enacted § 922(g)(1) and the prohibition on possession of firearms by felons.

*Id.* at *7.

Consistent with the Eighth Circuit's August 8, 2024, decision in *Jackson*, and with the Supreme Court's "assurances that recent decisions on the Second Amendment cast no doubt on the constitutionality of laws prohibiting the possession of firearms by felons," the Court will deny Defendant's Motion. *See Id.*

## Conclusion

For these reasons, along with those stated in the Government's response in opposition, Defendant's Motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Jerome Perry-Bey's Motion to Dismiss Superseding Indictment [ECF No. 56] is **DENIED**.

Dated this 14th day of August, 2024.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**